■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered July 27, 1989, convicting him of reckless endangerment in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

On July 6, 1989, the defendant pleaded guilty to reckless endangerment in the first degree and assault in the second degree, with the understanding that, if he cooperated with the Special Narcotics Office in New York City he would receive concurrent sentences of 1 to 3 years imprisonment, but if he did not cooperate he would receive consecutive sentences of 2⅓ to 7 years imprisonment. A hearing was subsequently held to determine the extent of the defendant's cooperation for sentencing purposes. During the hearing, it became apparent

that at the time of the defendant's plea, unbeknownst to the defendant, the Special Narcotics Office had decided not to use him as an informant. Therefore, the court said that there was no basis for the plea agreement and that it was not bound thereby. The court then denied the defendant's motion to withdraw his plea and imposed consecutive sentences of 1½ to 4½ years imprisonment on each count.

We find that the court should have granted the defendant's motion to withdraw his plea. It is settled that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" *(People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122, citing *Santobello v New York,* 404 US 257; *see also, People v McConnell,* 49 NY2d 340, 346; *People v Frederick,* 45 NY2d 520). Here, there is no question that the defendant pleaded guilty with the understanding that his sentence would be based upon his degree of cooperation with the Special Narcotics Office. As the Supreme Court found, however, the Special Narcotics Office had already determined not to use the defendant as an informant. Since the plea was induced by promises and conditions that could not be fulfilled, the court should have permitted the defendant to withdraw his plea.

We have considered the defendant's remaining contention and find it to be without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.