■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DANISE, Appellant. [617 NYS2d 29] —Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeny, J.), rendered July 13, 1993, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

During the plea proceeding, the defendant's attorney stated to the court that "at the time of sentencing, I would ask the District Attorney's office" to provide the defendant with the originals of certain tapes, and the Assistant District Attorney

stated, "[a]t sentencing, we have no objection". At sentencing, the People stated that they were unable to provide the original tapes because they were required as evidence in another case. The defendant then applied to withdraw his plea of guilty, and the court denied the application. This was proper. Contrary to the defendant's contention on appeal, the quoted exchange was not part of the plea agreement. It took place after the plea allocution was completed, and in any event, was merely a precatory request, not a term of the agreement. This case is therefore distinguishable from those in which a defendant has been allowed to withdraw his plea of guilty because he was denied "the full benefit of his negotiated plea" *(People v Ward,* 174 AD2d 589; *see also, People v McConnell,* 49 NY2d 340; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *People v John C.,* 184 AD2d 519). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.