■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ARCHIBALD, Appellant. [633 NYS2d 186] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Patterson, J.), rendered December 10, 1992, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree under Indictment No. 9377/91, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, rendered March 17, 1993, convicting him of robbery in the first degree under Indictment No. 9377/91, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court, also rendered March 17, 1993, convicting him of attempted robbery in the first degree under Indictment No. 14247/90, upon his plea of guilty, and imposing sentence.

Ordered that the judgments rendered March 17, 1993, are reversed, on the law, the pleas of guilty entered thereunder are vacated, and those matters are remitted to the Supreme

Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the judgment rendered December 10, 1992, is affirmed.

The defendant was charged under Kings County Indictment No. 14247/90 with robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree. These charges related to an incident which occurred on December 9, 1990.

The defendant was charged under Kings County Indictment No. 9377/91 with two counts of robbery in the first degree, two counts of robbery in the second degree, and two counts of grand larceny in the fourth degree. These six charges related to two separate incidents. The first three counts related to the robbery of Paul Ceneac on July 28, 1991; the last three counts related to the robbery of Laurison Cave on June 24, 1991.

In November of 1992, the defendant was tried on the three counts of Indictment No. 9377/91 which related to the Ceneac robbery. On November 17, 1992, the defendant was found guilty on these three counts.

On November 18, 1992, the defendant appeared in the Supreme Court and offered to plead guilty to count four under Indictment No. 9377/91, that is, the count which charged him with robbery in the first degree in connection with the June 24, 1991 robbery of Mr. Cave. The defendant admitted, "I had a knife and I took Mr. Lauritsen [sic] Cave's money". During the course of the proceedings of November 18, 1992, the following exchange occurred:

"DEFENSE COUNSEL: If I may, one thing is not clear to my client, that I believe what I told him that after discussion with the Court and the District Attorney the ten to twenty that he had just been promised for count four will run concurrent with ten to twenty for the conviction on the first three counts of the July 28th incident.

"THE COURT: Well, the defendant has been convicted after trial. The People are recommending ten to twenty to run concurrent and the Court sees no reason at this juncture why I will not impose that sentence of ten to twenty to run concurrent."

On November 18, 1992, the defendant also pleaded guilty to one count of attempted robbery in the first degree in satisfaction of Indictment No. 14247/90. The defendant admitted that on December 7, 1990, he "had a knife and took some money from this guy". The court advised the defendant that it would

sentence the defendant "to a minimum of four years and a maximum of eight years to run consecutively to the ten to twenty that the court intends to impose on Indictment 9377/91".

On December 10, 1992, the defendant appeared for sentencing. Prior to imposition of any sentence, the defense counsel informed the court that the defendant wished to withdraw "his plea". The prosecutor noted that the People's recommendation of 10 to 20 years imprisonment was an appropriate sentence in connection with the Ceneac robbery and was "to be in conjunction with the defendant's pleas on the other case". The defense counsel was then afforded 10 minutes to talk with her client.

After a pause in the proceedings, and after further colloquy, the prosecutor stated, "[s]ince the defendant has indicated a desire to withdraw his pleas on [counts 4 through 6 of Indictment No. 9377/91] as well as [Indictment No. 14247/90] the People are going to recommend a sentence of the maximum of twelve and-a-half to twenty-five on the counts that he has been convicted on". After additional colloquy, and just as the court was about to impose sentence in connection with the Ceneac robbery, the defense counsel advised the court, "Mr. Archibald has informed me that * * * he's changed his mind and he would like to go ahead and be sentenced on all three cases". Counsel advised the court that the defendant did "not wish to make a motion to withdraw his pleas on the remaining three counts of [Indictment No. 9377/91] and [Indictment No. 14247/90]".

After allowing the defendant another opportunity to make a statement, the court imposed sentence under the first three counts of Indictment No. 9377/91. The sentence imposed consisted of three concurrent prison terms, the longest of which was $12^1/_2$ to 25 years. The matter was then adjourned, and, in the interim, the defendant made a second motion to withdraw his pleas.

On March 17, 1993, the court denied the defendant's second motion to withdraw the pleas. The defendant was then sentenced to a term of 10 to 20 years imprisonment under the fourth count of Indictment No. 9377/91, to run concurrent with the sentences noted above. The defendant was also sentenced to a term of 4 to 8 years imprisonment under Indictment No. 14247/90. This term was initially made consecutive with respect to the term of 10 to 20 years imprisonment noted above. However, at the conclusion of the proceedings, the prosecutor inquired whether this sentence "is also running consecutively to [the sentence of $12^1/_2$ to 25 imposed under

counts] one, two, three, as well as to [the sentence of 10 to 20 years imprisonment imposed under] count four [of Indictment No. 9377/91]". The court responded, "[y]es".

Under the circumstances outlined above, we agree with the defendant that the court erred in imposing sentences under count four of Indictment No. 9377/91 and under Indictment No. 14247/90 after having denied his motion to withdraw his pleas of guilty. The consequence of doing so was to subject the defendant to an aggregate sentence of 16 1/2 to 33 years imprisonment. However, both the plea under Indictment No. 9377/91 and the plea under Indictment No. 14247/90 were possibly induced by what was in effect a promise to impose an aggregate sentence of 14 to 28 years imprisonment. " '[A] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored' " *(People v John C.,* 184 AD2d 519, 520, quoting *People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.